STERLING BRONZE CO. *v.* UNITED STATES (No. 2381).[1]

CONSTRUCTION, SECTION 304 (*a*), TITLE III, TARIFF ACT OF 1922—"TIME OF IMPORTATION."

The general rule is that, in its ordinary meaning, the word "importation" means the act of bringing merchandise into this country from outside with intent to unlade; and that "imported" when applied thereto means merchandise to which that condition or status has attached. In section 304 (*a*), Title III, tariff act of 1922, providing that articles not marked "at the time

---

[1] T. D. 40487.

of importation" so as to indicate the country of their origin shall be so marked before delivery and shall pay additional duty, the words are so used. The time of delivery is not the time of importation; for, if so, the additional duty could be levied only upon such merchandise as illegally passed through the customhouse without being marked.

## United States Court of Customs Appeals, November 4, 1924

APPEAL from Board of United States General Appraisers, Abstract 46976

[Affirmed.]

*Walter E. Hampton* for appellant.

*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

*Stetson, Jennings & Russell* (*Montgomery B. Angell* of counsel) amicus curiae.

[Oral argument October 15, 1924, by Mr. Hampton, Mr. Hoppin, and Mr. Angell]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Section 304 (a) of Title III of the tariff act of 1922 is as follows:

That every article imported into the United States, which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. Said marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit. Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled, and until every such article of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, or labeled, in accordance with such rules and regulations as the Secretary of the Treasury may prescribe. Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof, or if such article is free of duty there shall be levied, collected, and paid upon such article a duty of 10 per centum of the appraised value thereof.

Every package containing any imported article, or articles, shall be marked, stamped, branded, or labeled, in legible English words, so as to indicate clearly the country of origin. Any such package held in customs custody shall not be delivered unless so marked, stamped, branded, or labeled, and until every package of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, or labeled in accordance with such rules and regulations as the Secretary of the Treasury may prescribe.

The Secretary of the Treasury shall prescribe the necessary rules and regulations to carry out the foregoing provisions.

The merchandise in this case was imported on the steamship *Rochambeau,* about February 8, 1923, and was not marked, stamped, branded, or labeled as required by the foregoing statute. After

arrival in this country it was marked in compliance with the statute, delivery permit issued by the proper authorities, the merchandise delivered to importer, and in addition to the regular duty imposed by law thereon a duty of 10 per cent of the appraised value was assessed and collected by the collector.

The importer protested the assessment of this additional duty. The Board of General Appraisers upon hearing overruled the protest, and importer appealed.

The sole contention of importer under consideration here is that the merchandise, until it was marked as provided in the statute, and the delivery permit issued therefor, was not imported and, therefore, that the collection of the 10 per cent assessment was unlawful.

Another importer interested in a case now pending before the board involving a similar issue, has been permitted to file a brief as amicus curiae, and joins with appellant in urging the same interpretation of the statute.

We find it unnecessary to enter here into any lengthy discussion of the question as to when merchandise may be said to have been imported into this country. This subject has been fully considered and cases referred to in recent opinions of this court.—May Co. *v.* United States (12 Ct. Cust. Appls. 266; T. D. 40270); Diana et al *v.* United States (12 Ct. Cust. Appls. 290; T. D. 40295).

The general rule is that in its ordinary meaning, the word "importation" means the act of bringing merchandise into this country from outside with intent to unlade and that "imported" when applied thereto means merchandise to which that condition or status has attached.

In the case at bar we are agreed that there is no doubt that Congress used the words "imported" and "importation" in the statute under review in their ordinary sense.

The provisions that the merchandise shall not be *delivered* from customs custody until such as is therein, as well as that which has been released therefrom, has been marked in compliance with the statute and that the merchandise may be exported without being marked, require this conclusion. Delivery to an importer is not importation. The fact that it may be.exported without marking, instead of being so delivered, indicates clearly that Congress considered for the purposes of the section that importation had been completed because it is difficult to see how, if it had not been imported, it could be exported.

As we understand it, the logic of importer's contention is, and it is the argument of the amicus curiae, that the 10 per cent additional duty should be assessed only upon such imported merchandise as leaves the customs custody and mingles with the domestic commerce of the country without being properly marked.

If Congress had intended such a result, it is fair to assume it would have so stated in clear and unmistakable terms. In addition to this, such an interpretation assumes that the customs officers or the importer, or both, will fail to obey the law, because otherwise, merchandise that should be marked can not mingle with the domestic commerce.

The provisions of paragraph (b) of section 304 do not, in our judgment, affect the conclusion we have already reached.

The result is that the judgment of the Board of General Appraisers is *affirmed.*