(C. D. 583)

WEST INDIA FRUIT & STEAMSHIP CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 19, 1942)

Plaintiff not represented by counsel.

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector* and *Daniel G. McGrath*, special attorneys), for the defendant.

Before CLINE and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a part of the duty assessed on fresh pineapples imported at the port of Charleston. Notations on the entries indicate that the pineapples are the product of the Dominican Re-

public. Duty was assessed at the rate of 35 cents per crate of 2.45 cubic feet under paragraph 747 of the Tariff Act of 1930, as amended by trade agreement, the authority for the assessment being given by the collector on the entries as T. D. 49753. The plaintiff claims that duty should have been assessed at $\frac{9}{10}$ of 1 cent for each pineapple. Paragraph 747 of the Tariff Act of 1930 reads in part as follows:

PAR. 747. Pineapples, 50 cents per crate of two and forty-five one hundredths cubic feet; in bulk, 1⅙ cents each;   *   *   *

This provision has been amended by trade agreements with various countries which were entered into under the authority of section 350 (a) of the act of June 12, 1934, 48 Stat. 943, T. D. 47117, that statute being an amendment of the Tariff Act of 1930.

The trade agreement with the United Kingdom, which became effective on January 1, 1939 (T. D. 49753), contains the following provision for pineapples in schedule IV:

747. Pineapples not in bulk; 35¢ per crate of 2.45 cubic ft.

The trade agreements with Haiti, effective June 3, 1935 (T. D. 47667); Honduras, effective March 2, 1936 (T. D. 48131); Guatemala, effective June 15, 1936 (T. D. 48317); and Costa Rica, effective August 2, 1937 (T. D. 49072), all contain the following provision for pineapples:

747. Pineapples:
    In crates_____ $0. 35 per crate of 2.45 cubic ft.
    In bulk_____ 0. 009 each

We note that the rate "$0.35 per crate of 2.45 cubic feet" refers to "pineapples *in* crates" in the trade agreements with Haiti, Honduras, Guatemala, and Costa Rica whereas in the subsequent trade agreement with the United Kingdom it refers to "Pineapples *not in bulk.*" This is a significant change in language in the later trade agreement.

No trade agreement between the United States and the Dominican Republic has been brought to our attention. Therefore, it is apparent that the right of the plaintiff in this case to participate in the rates of duty in the trade agreements with other countries depends on the generalization clause in section 350 (a) and the finding of the President that the Dominican Republic has not discriminated against the commerce of the United States.

There is printed in T. D. 49752 a copy of a letter from the President of the United States to the Secretary of the Treasury authorizing the application of the rates of duty in the trade agreement with the United Kingdom, and also with Canada, to all other countries except Cuba and Germany. The letter also contains the statement that a former letter of September 23, 1938 (T. D. 49710), with reference to duties

theretofore proclaimed in connection with trade agreements is "hereby superseded." That statement indicates that the application of the rates and provisions in the trade agreement with the United Kingdom to other countries was intended to supersede those in former trade agreements where there was any conflict. Therefore, since the merchandise in this case was imported in May and June, 1939, the classification thereof is governed by the provisions in the trade agreement with the United Kingdom which clearly provide that pineapples not in bulk are dutiable at 35 cents per crate of 2.45 cubic feet. The intention seems to be to accept that designation as a unit of measurement whether pineapples are imported in crates or not, so long as they are not in bulk.

The only question involved in this case is whether or not the pineapples were imported "in bulk." That term is defined in Webster's New International Dictionary under the word "bulk" as follows:

In bulk, in a mass; not inclosed in separate packages or divided into parts; in such shape that any desired quantity may be taken or sold.

At the trial of this case the plaintiff introduced the testimony of two witnesses who stated that the pineapples arrived on the importing vessels in containers which they described as bags, sacks, pouches, or seroons; that these containers were made of grass and banana leaves; that the pineapples were taken out of the containers on the dock, counted by the customs officers and put on trucks in bulk and the containers were thrown back on the ships.

It has been held that duty should be assessed on merchandise in the condition as imported (*United States* v. *Hannevig*, 10 Ct. Cust. Appls. 124, T. D. 38384) and that merchandise is considered to be "imported" when it crosses the customs lines of the port of entry with intention to unlade. Its condition at the time it is released from customs custody, in a case such as this, is not considered in determining its condition at the time of importation. (*Sterling Bronze Co.* v. *United States*, 12 Ct. Cust. Appls. 338, T. D. 40487). In harmony with the decisions cited, it must be held that the pineapples in this case were imported in containers because they were in that condition when they crossed the customs line. Therefore, at the time of importation, the pineapples were not "in bulk" as that term is defined by the lexicographers.

The trade agreement with the United Kingdom provides that pineapples "not in bulk" are dutiable at 35 cents per crate of 2.45 cubic feet and we hold that the collector acted legally in assessing duty at that rate. The protest is overruled. Judgment will be entered in favor of the defendant.